1

2

3

4

5

6

7                             UNITED STATES DISTRICT COURT

8                             EASTERN DISTRICT OF CALIFORNIA

9

10   RIC DORRIS,                              No. 2:17-cv-00404-KJM-GGH

11              Plaintiff,

12        v.

13   SANDI ALRICH, THOMAS ALDRICH,            ORDER
     DOES 1 TO 100,
14
                Defendants.
15

16
                  Defendants Sandi Alrich and Thomas Aldrich (collectively "defendants") removed
17
     this unlawful detainer action from Yolo County Superior Court on February 23, 2017.  ECF No.
18
     1.  Defendants also move to proceed *in forma pauperis* (IFP).  ECF Nos. 3–4.  As explained
19
     below, the court remands this case to the Yolo County Superior Court for lack of subject matter
20
     jurisdiction and denies defendants' IFP request as moot.
21
                  Removal to federal court is proper where the federal court would have original
22
     subject-matter jurisdiction over the complaint.  28 U.S.C. § 1441.  A federal court has "federal
23
     question" subject-matter jurisdiction where the complaint is predicated on a claim or right arising
24
     under the "Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To properly
25
     invoke federal jurisdiction, the basis for federal jurisdiction must come from the face of
26
     complaint, and cannot derive from an anticipated defense in the case.  *Louisville & Nashville R.*
27
     *Co. v. Mottley*, 211 U.S. 149, 152 (1908).
28

                                                   1

1    If a case is improperly removed from state to federal court, the federal court has an

2    independent responsibility to remand that case back to state court.  This responsibility derives

3    from the mandate in 28 U.S.C. § 1447(c) to remand a case "[i]f at any time before final judgment

4    it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

5    Moreover, it is the district court's "duty to establish subject matter jurisdiction over [a] removed

6    action *sua sponte*, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v.*

7    *Waddell & Reed, Inc*., 360 F.3d 960, 967 (9th Cir. 2004).  Courts construe removal statutes

8    strictly against removal and place the burden on defendant to demonstrate that removal is proper.

9    *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241,1244 (9th Cir. 2009) (citing *Gaus v.*

10   *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal means

11   that the defendant always has the burden of establishing that removal is proper.")).

12   Here, defendants assert this court has subject matter jurisdiction under 28 U.S.C.

13   § 1441.  Notice Removal 2, ECF No. 1.  The duty now lies with the court to determine if federal

14   jurisdiction exists in this case.  28 U.S.C. § 1447(c).  Defendants do not assert that the complaint

15   itself raises a federal question.  *Id.*  Instead, defendants assert that a federal question exists

16   because "Defendant's [sic] Demurrer, a pleading[,] depend on the determination of Defendant's

17   rights and Plaintiff's duties under federal law."  Notice Removal 2.  However, removal cannot be

18   based only on a defense that raises a federal question.  *Vaden v. Discover Bank*, 556 U.S. 49, 54

19   (2009) ("federal-court jurisdiction cannot be invoked on the basis of a defense or counterclaim");

20   *Nationstar, LLC v. Graves*, No. 1:12-CV-02018-AWI, 2012 WL 6720368, at *2 (E.D. Cal. Dec.

21   26, 2012) (citations omitted) (remanding unlawful detainer action *sua sponte*).  Even if the

22   defendants' demurrer to the complaint was relevant for jurisdictional purposes, defendants' notice

23   explains that their answer asserted defective notice only under Code of California Civil Procedure

24   § 1161(2).  For these reasons, defendant fails to establish a basis for federal question jurisdiction.

25   The court finds that defendant has not shown any proper basis for removal.  Thus,

26   the court lacks subject matter jurisdiction, the case shall be remanded and defendant's motion for

27   *in forma pauperis* status is moot.

28   /////

2

Based on the foregoing, it is HEREBY ORDERED that:

    1.  This action is REMANDED to Yolo County Superior Court.

    2.  The motions for *in forma pauperis* status are DENIED as moot.

DATED:  March 27, 2017.

_____
UNITED STATES DISTRICT JUDGE